13 CV 8426

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
JANFREDIA TRICE, DAVID COLEMAN &
DAVANTE COLEMAN, an Infant, by his Mother and
Natural Guardian, JANFREDIA TRICE

                                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
RODRIGUEZ, JOHN DOE POLICE OFFICERS,
JANE DOE POLICE OFFICERS & JOHN ROE
POLICE OFFICERS,

                                          Defendants.
---------------------------------------X

COMPLAINT

Civ. No.

**PLAINTIFFS DEMAND
A TRIAL BY JURY**

       Plaintiffs, by their attorneys, GIORDANO LAW OFFICES, PLLC, complaining of Defendants, respectfully alleges upon information and belief:

### PRELIMINARY STATEMENT

       1.      Plaintiffs bring this action pursuant to 42 U.S.C. §1983 *et. seq.* for an incident of police misconduct and deprivation of protected rights, including those rights under the Fourth and Fourteenth Amendments to the U.S. Constitution, that transpired on or about April 2, 2013 when police officers employed by the CITY OF NEW YORK used excessive force, assaulted, battered, wrongfully detained, arrested and falsely imprisoned Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN and further maliciously prosecuted Plaintiff JANFREDIA TRICE in Bronx County, New York criminal court.

       2.      At the time of this incident, Plaintiff JANFREDIA TRICE was 42 years old.

       3.      At the time of this incident, Plaintiff DAVID COLEMAN was 53 years old.

4.   Plaintiffs JANFREDIA TRICE and DAVID COLEMAN are not, and were not, married but had been, and remain, in a committed co-parenting relationship for approximately 26 years.

5.   Plaintiff DAVANTE COLEMAN is the son of Plaintiffs JANFREDIA TRICE and DAVID COLEMAN.

6.   At the time of this incident, Plaintiff DAVANTE COLEMAN was 16 years old.

7.   Plaintiffs JANFREDIA and DAVID COLEMAN have seven children together (four boys and three girls), including Plaintiff DAVANTE COLEMAN.

8.   At the time of this incident, the children ranged in age from 5 to 19 years-old: David Coleman, Jr. (19); Devin Coleman (18); Plaintiff DAVANTE COLEMAN (16); Jannelle (14); Januelle (11); Janeara (7); and Davin (5).

9.   On or about April 2, 2013, at approximately 2:32 p.m., the entire family was home inside their apartment at a City run shelter located at 941 Intervale Avenue, Bronx, NY 10459.

10.  At the aforesaid time and place, Plaintiff DAVID COLEMAN was preparing to go to work.

11.  At the aforesaid time and place, Plaintiffs' children were playing and arguing and raising their voices.

12.  Their father, Plaintiff DAVID COLEMAN attempted to quiet the children down.

13.  The family heard a knock on their door, and Plaintiff DAVID COLEMAN answered the door.

14.  Plaintiff DAVID COLEMAN saw the Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS standing in the hallway with their guns drawn, pointing in his direction.

15. Plaintiff DAVID COLEMAN told the officers that there was no problem necessitating police intervention.

16. The Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS did not say a word.

17. Defendant POLICE OFFICER RODRIGUEZ abruptly pushed his way into the apartment.

18. At no time during this incident did any of the Defendant JOHN DOE POLICE OFFICERS or Defendant JANE DOE POLICE OFFICERS explain why they came to the family's apartment.

19. Numerous Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS forced their way into the apartment behind Defendant POLICE OFFICER RODRIGUEZ with their guns drawn.

20. Plaintiff JANFREDIA TRICE, Plaintiff DAVANTE COLEMAN, and the six other children were either in the living room or in the hallway inside the family's apartment and observed the police officers storm into the apartment.

21. Alarmed, Plaintiff JANFREDIA TRICE asked, "What do you need guns for? There are babies in here."

22. Eventually, Defendant JOHN DOE POLICE OFFICERS holstered their guns, but then pulled out their Tasers.

23. Several Defendant JOHN DOE POLICE OFFICERS physically forced Plaintiff DAVID COLEMAN into the hallway.

24. Plaintiff DAVID COLEMAN stated, "We did not do anything to anybody. You would not be doing what you are doing now if we were not Spanish."

25. Defendant JOHN DOE POLICE OFFICERS then viciously handcuffed Plaintiff DAVID COLEMAN, squeezing his handcuffs to a painfully and excessively tight position.

26. Although Plaintiff DAVID COLEMAN told the Defendant JOHN DOE POLICE OFFICERS that the handcuffs were causing him significant pain, the Defendant JOHN DOE POLICE OFFICERS ignored him and did not adjust the handcuffs to a less painful position.

27. During the course of this incident, Defendant JOHN DOES POLICE OFFICERS grabbed, pushed, and threatened Plaintiff DAVID COLEMAN.

28. Simultaneously, multiple Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS advanced toward 18-year-old Devin with their weapons drawn.

29. Plaintiff JANFREDIA TRICE stood between the Defendants and her son and asked what they were doing.

30. Two Defendant JANE DOE POLICE OFFICERS shoved past Plaintiff JANFREDIA TRICE to get to Devin.

31. One Defendant JANE DOE POLICE OFFICER struck Plaintiff JANFREDIA TRICE hard with an open hand on the side of her head, causing her head to snap to the side.

32. Another Defendant JANE DOE POLICE OFFICER then struck Plaintiff JANFREDIA TRICE on the other side of her head.

33. Plaintiff JANFREDIA TRICE repeatedly asked, "Why are you hitting me?"

34. One Defendant JOHN DOE POLICE OFFICER grabbed Plaintiff JANFREDIA TRICE'S arm, twisting her arm behind her back.

35. Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS pulled Plaintiff JANFREDIA TRICE out of the family's apartment and into the narrow common area hallway.

36. There, multiple Defendant JOHN DOE and JANE DOE POLICE OFFICERS surrounded Plaintiff JANFREDIA TRICE and tried to force her onto the ground.

37. During this struggle, the Defendant JOHN DOE POLICE OFFICER holding Plaintiff JANFREDIA TRICE'S right arm stated, "You are gonna [sic] get it."

38. During the struggle, this Defendant JOHN DOE POLICE OFFICER released his grip on Plaintiff JANFREDIA TRICE'S right arm, causing her right hand to slam into the wall and breaking her right ring finger.

39. During the course of this incident, Defendant POLICE OFFICER RODRIGUEZ attempted to Taser Plaintiff JANFREDIA TRICE.

40. During the course of this incident, Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS grabbed, pushed, beat, and threatened Plaintiff JANFREDIA TRICE.

41. During the course of this incident, Plaintiff DAVID COLEMAN asked the Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS what they were doing but received no response. Plaintiff DAVID COLEMAN stated, "Look at what you are doing to my wife." One Defendant JOHN DOE POLICE OFFICER leaned into Plaintiff DAVID COLEMAN's face and sneered, "Shut the fuck up."

42. The Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS applied handcuffs to Plaintiff JANFREDIA TRICE'S wrists in a painfully and excessively tight manner.

43. During this incident, Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS brandished Tasers at the children.

44. Janelle, a 14-year-old girl, yelled, "You cannot Tase me! I am only 14." During the course of this incident, Plaintiff JANFREDIA TRICE heard her daughter screaming, "Mommy!"

45. Plaintiff DAVANTE COLEMAN asked one Defendant JOHN DOE POLICE OFFICER, "Why are you arresting my parents?" The Defendant JOHN DOE POLICE OFFICER did not reply.

46. A different Defendant JOHN DOE POLICE OFFICER then smacked Plaintiff DAVANTE COLEMAN'S right hand, knocking the drink he was holding onto the floor, and muttered, "Get that shit out of here."

47. One of the Defendant JOHN DOE POLICE OFFICERS asked Plaintiff DAVANTE COLEMAN how old he was.

48. Plaintiff DAVANTE COLEMAN replied, "16."

49. Defendant POLICE OFFICER RODRIGUEZ took out his Taser, grabbed Plaintiff DAVANTE COLEMAN, slammed him onto the floor, handcuffed him, and slammed him into the wall. Defendant POLICE OFFICER RODIGUEZ then took Plaintiff DAVANTE COLEMAN downstairs and placed him into a police car.

50. During the course of this incident, Defendant JOHN DOE POLICE OFFICERS grabbed, pushed, beat, and threatened Plaintiff DAVANTE COLEMAN.

51. Plaintiff DAVID COLEMAN, who suffers from asthma and high blood pressure, was forced to watch the Defendant JOHN DOE POLICE OFFICERS beat and assault his wife, Plaintiff JANFREDIA TRICE.

52. Defendant JOHN DOE POLICE OFFICERS, without probable cause or justification, unlawfully restrained, arrested, and took all three Plaintiffs into custody, in view of others in their apartment building, further exacerbating Plaintiffs' embarrassment and humiliation.

53. All three Plaintiffs were taken into custody and held in cells at the local precinct.

54. The other children remained in the apartment, in the care of their 18-year-old brother, Devin.

55. As a result of Defendants' actions, Plaintiff DAVANTE COLEMAN was wrongfully detained for approximately six hours.

56. Upon his release, Plaintiff DAVANTE COLEMAN was given a Desk Appearance Ticket. When the Plaintiffs returned to court, they were told that Plaintiff DAVANTE COLEMAN's name could not be found in the system.

57. As a result of Defendants' actions, Plaintiff DAVID COLEMAN was wrongfully detained for approximately 12 hours.

58. Plaintiff DAVID COLEMAN suffers from severe asthma, diabetes, and high blood pressure.

59. During his detention, Plaintiff DAVID COLEMAN asked several Defendant JOHN DOE POLICE OFFICERS to open the door. It was very hot inside the cell, and Plaintiff DAVID COLEMAN did not have his asthma medication with him. The Defendant JOHN DOE POLICE OFFICERS ignored Plaintiff DAVID COLEMAN'S requests. Another officer at the precinct, who had not been present during the incident at the Plaintiffs' apartment, opened the door for Plaintiff DAVID COLEMAN.

60. At some point during this incident, Defendant JOHN DOE POLICE OFFICERS took approximately nine hundred dollars from Plaintiff DAVID COLEMAN. The family needed

this money for food, and some of the money belonged to Plaintiff DAVID COLEMAN's boss. Defendants returned Plaintiff DAVID COLEMAN's money approximately one month later.

61. As a result of Defendants' actions, Plaintiff DAVID COLEMAN missed at least one day of work to stay home and watch the children during the time his wife, Plaintiff JANFREDIA TRICE, was wrongfully detained, as described below.

62. As a result of Defendants' actions, Plaintiff JANFREDIA TRICE was wrongfully imprisoned for approximately 24 hours.

63. During her detention, Plaintiff JANFREDIA TRICE suffered from a severe migraine headache as well as severe pain in her finger, hand, and wrists.

64. In the holding cell, the potent stench from feces covering the walls, the bright lights, and the stagnant enclosed space further exacerbated Plaintiff JANREDIA TRICE'S migraine.

65. Plaintiff JANFREDIA TRICE repeatedly told Defendant JOHN DOE POLICE OFFICERS and Defendant JANE DOE POLICE OFFICERS that her finger was broken, that her hand was swelling, and that she needed to see a doctor.

66. The Defendants responded that they "do not call ambulances for things like that" inside the precinct.

67. While waiting to see the judge, Plaintiff JANFREDIA TRICE repeatedly asked the Defendants to adjust her handcuffs to relieve the painful squeezing on her wrists and arms.

68. Defendants either ignored her requests or refused to adjust her handcuffs.

69. During her detention, at least one Defendant JOHN DOE POLICE OFFICER told Plaintiff JANFREDIA TRICE that if she did not shut up, the officers would place her in a mental health hospital, and she would not see her children for at least three days.

70. The Defendants attempted to charge Plaintiffs JANFREDIA TRICE and DAVID COLEMAN with domestic violence related charges.

71. The Defendants would not release Plaintiffs JANFREDIA TRICE and DAVID COLEMAN from custody unless they signed a paper admitting to domestic violence, even though they insisted no domestic violence occurred.

72. On or about April 2, 2013, without probable cause, Defendants filed criminal charges for Resisting Arrest against Plaintiff JANFREDIA TRICE in Bronx County, Arrest # B13622880, which were ultimately dismissed in Plaintiff's favor on or about June 28, 2013.

73. As a result of Defendants' actions, Plaintiff JANFREDIA TRICE suffered a fractured right ring finger, swollen hands and arms, bruised wrists and arms, and joint pain.

74. Plaintiff JANFREDIA TRICE continues to experience severe pain in her right ring finger on a daily basis. Her finger is bent unnaturally sideways at the second knuckle and requires continuing medical treatment.

75. Defendants' actions caused all three Plaintiffs to suffer physical pain and injury, physical and emotional distress, humiliation, and embarrassment.

**JURISDICTION AND VENUE**

76. This Court has federal question jurisdiction pursuant to 28 U.S.C § 1331 in that this action arises under 42 U.S.C. § 1983 et. seq., and the Fourth and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction, since the state claims arise from the same operative facts and are part of the same case or controversy.