77.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant THE CITY OF NEW YORK resides in this District. Additionally, all Defendants are subject to personal jurisdiction in this District.

78.     Prior to the commencement of this action, and within ninety days after the claim arose, Plaintiffs caused Notices of Claim in writing to be served upon the Defendant THE CITY OF NEW YORK, by delivering to and leaving the same with the New York City Comptroller's Office, in like manner as the service of a summons in the District Court, which said Notices of Claim set forth the names and post office addresses of the Plaintiffs and their attorney, the nature of, time when, place where, and manner in which the claims arose, and the items of damage and/or injuries claimed, or that might have been sustained, so far as it was practicable.

79.     Over thirty days have elapsed since the service of such Notices of Claim and THE CITY OF NEW YORK has failed to settle or adjust this matter.

80.     This action was commenced within one year and ninety days after the cause of action herein accrued.

## THE PARTIES

81.     At all relevant times, Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN were and remain residents of Bronx County, New York.

82.     At all times relevant hereto, Defendants acted in their official capacities, and were employees, agents, or servants of Defendant THE CITY OF NEW YORK, acting under color of state law, within the meaning of 42 U.S.C. § 1983 *et. seq*.

83.     THE CITY OF NEW YORK was and is a municipal corporation organized and existing under and pursuant to the laws of the State of New York. At all relevant times, Defendant THE CITY OF NEW YORK acted through its employees, agents and/or servants,

including the individually named Defendants herein, who at all relevant times acted within the course and scope of their employment.

84. Defendants JOHN DOE POLICE OFFICERS are employees acting within the scope of their employment as officers of the New York City Police Department.

85. Defendants JANE DOE POLICE OFFICERS are employees acting within the scope of their employment as officers of the New York City Police Department.

86. Defendants JOHN ROE POLICE OFFICERS are employees acting within the scope of their employment as officers of the New York City Police Department.

## AS AND FOR A FIRST CLAIM PURUSANT TO 42 U.S.C. § 1983 BY ALL PLAINTIFFS AGAINST DEFENDANTS POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS AND JANE DOE POLICE OFFICERS

87. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

88. On or about April 2, 2013, Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, acting intentionally, recklessly and/or with a deliberate indifference to the rights, life and liberty of Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN, assaulted, battered, and caused physical and mental injuries to all three Plaintiffs.

89. As a result of the foregoing, Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, acting under color of state law, violated 42 U.S.C. §1983 *et. seq*, and deprived Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN of rights secured by the Constitution and laws of the United States and the State of New York including those rights protected by the Fourth and

Fourteenth Amendments to the U.S. Constitution, their right not to be deprived of life, liberty, and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

90. As a result of the foregoing, Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN were caused to suffer grievous bodily injury, loss of liberty, substantial physical, emotional, mental and psychological pain, and were otherwise injured.

## AS AND FOR A SECOND CLAIM PURUSANT TO 42 U.S.C. § 1983 BY ALL PLAINTIFFS AGAINST DEFENDANTS POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS AND JANE DOE POLICE OFFICERS

91. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

92. On or about April 2, 2013, Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, acting without probable cause, intentionally, without justification and with deliberate indifference to the rights, life and liberty of Plaintiffs, falsely arrested and imprisoned Plaintiffs. Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS physically and forcibly detained and handcuffed Plaintiffs.

93. As a result of the foregoing, Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq.*, deprived Plaintiffs of rights secured by the Constitution and laws of the United States, including those rights protected by the Fourth and Fourteenth Amendments, their right not to be deprived of life, liberty and property without due process of

law, and other rights, privileges and immunities guaranteed by the laws and Constitutions of the United States and the State of New York.

94. As a result of the foregoing, Plaintiffs were caused to suffer loss of liberty and life, substantial emotional and psychological pain and were otherwise injured.

95. As a result of the foregoing, Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN demand monetary damages against Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS and further seek punitive damages against Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS in an amount to be determined by a jury.

## AS AND FOR A THIRD CLAIM PURSUANT TO 42 U.S.C. § 1983 BY PLAINTIFF JANFREDIA TRICE AGAINST DEFENDANTS POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS AND JANE DOE POLICE OFFICERS

96. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as if more fully set forth herein.

97. Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, acting intentionally, maliciously and without justification or probable cause, caused criminal charges to be filed against Plaintiff JANFREDIA TRICE for Resisting Arrest. This charge was ultimately dismissed by the Bronx County Criminal Court on or about June 28, 2013.

98. Defendants were aware that such criminal charge was a false charge, that Plaintiff had not committed any crime and, nonetheless decided to and did file such criminal charge against Plaintiff with malice and with a deliberate and reckless disregard to Plaintiff's rights.

Defendants filed such criminal charge against Plaintiff as a subterfuge to cover up and excuse the excessive force and battery committed against Plaintiff and her family.

99. As a result of the foregoing, Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, acting under color of state law, violated 42 U.S.C. § 1983 *et. seq,* and deprived Plaintiff JANFREDIA TRICE of rights secured by the Constitutions and laws of the United States and the State of New York, including those rights protected by the Fourth and Fourteenth Amendments, her right not to be deprived of life, liberty and property without due process of law, and other rights, privileges and immunities guaranteed by the laws and Constitution of the United States and the State of New York.

100. As a result of the foregoing, Plaintiff JANFREDIA TRICE was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

101. As a result of the foregoing, Plaintiff JANFREDIA TRICE demands monetary damages against Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS and further seeks punitive damages against Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS in an amount to be determined by jury.

**AS AND FOR A FOURTH *MONELL* CLAIM PURSUANT TO 42 U.S.C. §1983**
**BY ALL PLAINTIFFS AGAINST DEFENDANT THE CITY OF NEW YORK**

102. Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

103. The aforesaid conduct of the individual Defendants was occasioned and conducted pursuant to, and was the result of, the unconstitutional customs, usages, practices and/or policies

of Defendant THE CITY OF NEW YORK, including a failure to train, supervise, and discipline the individual Defendants herein.

104. As a result of the foregoing, Defendants, in violation of 42 U.S.C. §1983 thereby deprived Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN of rights secured by the Constitution and laws of the United States, including the Fourth and Fourteenth Amendments to the U.S. Constitution and laws of the State of New York.

105. As a result of the foregoing, Plaintiffs were caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and were otherwise injured.

## AS AND FOR A FIFTH CLAIM FOR SUPERVISORY LIABILITY PURSUANT TO 42 U.S.C. §1983 BY ALL PLAINTIFFS AGAINST DEFENDANT JOHN ROE POLICE OFFICERS

106. Plaintiffs repeat and reallege each and every allegation contained in the preceding paragraphs as if fully set forth herein.

107. By their conduct in failing to remedy the wrongs committed by Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, and in failing to properly train, supervise, or discipline Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS, Defendants JOHN ROE POLICE OFFICERS caused damage and injury in violation of Plaintiffs' rights guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

108. As a result of the foregoing, Plaintiffs were caused to suffer grievous bodily harm, substantial physical, emotional, mental and psychological pain, and were otherwise injured.

## AS AND FOR A SIXTH CLAIM OF NEGLIGENT HIRING AND TRAINING
## BY ALL PLAINTIFFS AGAINST DEFENDANT THE CITY OF NEW YORK

109. Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

110. The aforementioned occurrence took place by reason of the negligence of Defendant the CITY OF NEW YORK, its agents, servants and/or employees, including various police officers regarding the hiring, retention, supervision and disciplining of the Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS.

111. As a result of the foregoing, Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN sustained personal injuries and other consequential damages.

112. As a result of the foregoing, Plaintiffs demand monetary damages against Defendant THE CITY OF NEW YORK in an amount to be determined by a jury.

## AS AND FOR A SEVENTH CLAIM FOR ASSAULT AND BATTERY
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

113. Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

114. On or about April 2, 2013, Defendants intentionally placed Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN in apprehension of imminent harmful contact.

115. As described herein, Defendants, in a hostile manner, and without the consent of Plaintiffs, intentionally caused harmful bodily contact with Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMAN.

116. As a result of the foregoing, Plaintiffs suffered grievous bodily harm, substantial physical, mental, emotional and psychological pain, and were otherwise injured.

## AS AND FOR AN EIGHTH CLAIM FOR FALSE ARREST
## BY ALL PLAINTIFFS AGAINST ALL DEFENDANTS

117. Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

118. On or about April 2, 2013, Defendants, acting without probable cause, intentionally and falsely arrested Plaintiffs JANFREDIA TRICE, DAVID COLEMAN, and DAVANTE COLEMEN inside their home and falsely imprisoned them.

119. As a result of the foregoing, Plaintiffs were caused to suffer grievous bodily harm, loss of liberty and life, substantial physical, emotional, mental and psychological pain, and were otherwise injured.

## AS AND FOR A NINTH CLAIM FOR MALICIOUS PROSECUTION
## BY PLAINTIFF JANFREDIA TRICE AGAINST ALL DEFENDANTS

120. Plaintiffs repeat and reiterate each and every allegation contained in the preceding paragraphs as if fully set forth herein.

121. On or about April 2, 2013, Defendants, acting intentionally, maliciously and without justification or probable cause, caused to be filed an accusatory instrument or otherwise brought criminal charges against Plaintiff JANFREDIA TRICE who was criminally prosecuted therefore until such prosecution was terminated in her favor on or about June 28, 2013. Such charge was filed by Defendants knowing that such charge was false, that Plaintiff had committed no crime and was filed with malice and deliberate disregard for Plaintiff's rights.

122. As a result of the foregoing, Plaintiff JANFREDIA TRICE was caused to suffer loss of liberty and life, substantial emotional, mental and psychological pain, and was otherwise injured.

123. As a result of the foregoing, Plaintiff JANFREDIA TRICE demands monetary damages against all Defendants and is further seeking punitive damages against Defendants POLICE OFFICER RODRIGUEZ, JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS in an amount to be determined by a jury.

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against all of the Defendants:

    a. Compensatory damages;

    b. Punitive damages against Defendants JOHN DOE POLICE OFFICERS and JANE DOE POLICE OFFICERS;

    c. Convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated: New York, New York
       November 22, 2013

Yours, etc.,

Giordano Law Offices
*Attorney for Plaintiff*

By: _____
Carmen S. Giordano (CSG-3927)
Giordano Law Offices